**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Max Giroux

v. Case No. 25-cv-276-SM-AJ

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

Petitioner Max Giroux initiated this case by filing a document entitled "Motion: Stop the Clock for Federal Habe/AEDPA" (Doc. No. 1). On August 8, 2025, the court issued an Order (Doc. No. 2) directing Mr. Giroux to clarify whether he intends to proceed here under 28 U.S.C. § 2254 or wishes to otherwise characterize this case; and, if he wishes to proceed under § 2254, to file a petition which complies with Rule 2(c) of the Rules Governing § 2254 Cases.

The respondent filed an objection, stating that Mr. Giroux's case is not ripe for this court's consideration, as his direct appeal in his criminal case is still pending. Mr. Giroux responded to that objection stating he intends to file a § 2254 petition in the future (presumably only if his direct appeal is unsuccessful), and is only seeking to "stop the clock" on the statute of limitations for filing a habeas petition in this court in the future. Doc. No. 4.

Mr. Giroux asks the court not to treat his initiating pleading as a § 2254 petition, but instead to construe it as a request that the Clerk of Court provide him with information about pro se litigation and § 2254 actions. Mr. Giroux further requests that, if the court does construe his initial filing as a § 2254 petition, that he be allowed to

voluntarily dismiss this case.

The court now finds that Mr. Giroux did not intend to file a § 2254 petition in this action, and therefore, the court will not treat his filing as one. To the extent Mr. Giroux seeks an order staying or tolling the deadline for filing a § 2254 petition, his request is DENIED as premature. Because Mr. Giroux's direct appeal is pending, the limitations period during which he must file a § 2254 petition challenging his conviction and/or sentence has not yet begun to run. If Mr. Giroux's direct appeal is denied, the one-year limitations period for filing a § 2254 petition will begin to run ninety days after his appeal is denied, if he does not file any further challenge to his conviction and/or sentence, either in state court or in the United States Supreme Court during that ninety days, or, if he does file any further action on or before the date the NHSC decides his appeal, on the date final judgment enters in that litigation. From the day that limitations begins to run, Mr. Giroux has one year to file a timely § 2254 petition in this court.

For these reasons, the court will construe Mr. Giroux's Objection (Doc. No. 4) as a request to withdraw this matter. So construed, the district judge should GRANT that request, without prejudice to Mr. Giroux's ability to file a § 2254 petition in the future challenging his state court conviction and sentence.

## Conclusion

For the foregoing reasons, the district judge should grant the relief requested in Mr. Giroux's filing docketed as Document No. 4, and allow Mr. Giroux to withdraw his initial filing in this matter without prejudice. Any objections to this Report and

Recommendation ("R&R") must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objections to this R&R are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objections are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

September 3, 2026

cc: Max Giroux, pro se
John Drennan, Esq.